UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BOLSHIN, D.P.M. and IRINA KHMELNIK, a married couple<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ELATE MOVING NETWORK LLC,<br><br>　　　　　　　　Defendant. | Case No.:  2:24-cv-00363-MJP<br><br>**THE PARTIES AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

The parties here stipulate to the following provisions regarding the discovery of electronically store information ("ESI") in this matter:

**A.     General Principles**

1.     An attorneys' zealous representation of a client is not compromised by conducting discovery in a cooperative manner. Counsel or the parties' failure to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     As provided in LCR 26(f), the proportionality standard in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 1 of 8]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

comply with Fed. R. Civ. P. 34.

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or a later time if agreed by the parties, each party shall disclose:

1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody or control. The parties will identify the custodians by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.,* shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.* third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> The parties will not require an on-site inspection unless a party can demonstrate a specific need and good cause, or if the parties agree.

2. <u>Search methods.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such efforts is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodologies.

   a.     Prior to running searches:

      i.     The producing party shall disclose the data sources (including

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 2 of 8]

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

custodians), search terms and queries, any file type and data restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

        ii.        After disclosure, the parties will meet and confer about the additional terms sought non-producing party is seeking.

        iii.        The following provisions apply to the requesting party's search term/queries. The requesting party will employ focused terms and queries; and will do their best to avoid broad terms or queries, such as product and company names. A conjunctive combination of multiple words or phrases (*e.g.* "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.* "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

3.        <u>Format.</u>

        a.        ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

        b.        Unless the parties otherwise agree, files that are not easily converted to image format, such as spreadsheets, databases, and drawing files, will be produced in native format.

        c.        Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable,

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 3 of 8]

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

the revision history.

        d.     If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude less inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created; sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible, and the parties may agree to change it, particularly in light of advances and changes in technology, vendor, and business practices.

**D.     Preserving ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preserving ESI, the parties agree as follows:

1. Absent the requesting party demonstrating good cause, the parties will not be required to modify their ordinary business procedures to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 4 of 8]

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

2. The parties will supplement their disclosures per Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent the requesting party demonstrating good cause, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM). Temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last opened dates (See also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system, or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.* email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.* iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

1. A producing party will create a privilege log of all documents fully withheld from production based on privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 5 of 8]

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information to evaluate the privilege claim asserted, the producing party will include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless the parties agree to an earlier deadline.

2. The parties do not need to log redactions if the basis for the redaction is clear on the redacted document.

3. Parties do not have to include any privilege or work-product information generated after the complaint was filed.

4. Activities undertaken to comply with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Following Fed. R. Evid. 502(d), the producing party will not waive any applicable privilege to any documents, ESI, or information produced whether inadvertent or otherwise, for the purposes of this or any other federal or state proceeding, including the attorney-client privilege, attorney work-product privilege, or any other privilege or protection recognized by law. This Order will be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid 502(b) do not apply. Nothing contained herein is intended to or will serve to limit a parties' right to review documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product will be immediately returned to the producing party.

DATED: 8/01/2024

**POSSINGER LAW GROUP, PLLC**

_____
Jeffrey Possinger, WSBA 30854

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 6 of 8]

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

Ian Ducey, WSBA 59976
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98702
(t) 206-512-8030
(f) 206-569-4792
(e) Jeffrey.possinger@possingerlaw.com
(e) Ian.ducey@possingerlaw.com
Attorneys for Plaintiff


**Lewis Brisbois Bisgaard & Smith LLP**

*/s/ Joshua C. Dotson*
_____
Michael Jaeger, WSBA 23166
Joshua Dotson, WSBA 57921
1111 Third Avenue, Suite 2700
Seattle, WA 98101
(t) 206-876-2976
(f) 206-436-2030
(e) Michael.Jaeger@lewisbrisbois.com
(e) Joshua.Dotson@lewisbrisbois.com
Attorneys for Defendant

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 7 of 8]

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: August 1, 2024

*[signature]*

The Honorable Marsha Pechman
UNITED STATES DISTRICT COURT JUDGE

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
CASE NO. 2:24-CV-00363-MJP
[PAGE 8 of 8]

**Possinger** Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030