UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BOLSHIN, D.P.M. and IRINA KHMELNIK,<br><br>Plaintiffs,<br><br>v.<br><br>ELATE MOVING NETWORK LLC,<br><br>Defendant. | CASE NO. 2:24-cv-00363-MJP<br><br>ORDER DENYING CONTINUANCE |

This matter comes before the Court on the Parties' Stipulated Motion to Change Trial Date and Amend Case Schedule (Dkt. No. 19.) Having reviewed the Motion and all supporting documents, the Court DENIES the Motion without prejudice.

The underlying dispute involves allegations that Defendant Elate Moving Network LLC's violated the Carmack Amendment, 49 U.S.C. § 14706, when it failed to provide Plaintiffs Matthew Bolshin and Irina Khmelnik with a sufficient Bill of Lading detailing a shipment of goods that was ultimately stolen and rendered partially unrecoverable. (See generally, Complaint

(Dkt. No. 1).) The Parties "have exchanged discovery, including the amount of available insurance money available for this claim," but recently "learned that there is likely only half the amount of coverage available" than they first thought. (Motion ¶¶ 3–4.) Accordingly, the Parties claim that "[t]hese changes affect any settlement discussions the parties were engaged in and require the parties to revise their litigation strategy." (Id. ¶ 5.) The Parties further state that they would "benefit from additional time to complete their discovery." (Id. ¶ 6.) They now seek an order continuing the trial date and all remaining case schedule dates "for approximately 6 months." (Id. ¶¶ 8–9.)

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

The Court finds an absence of good cause on the record presented. First, that the Parties are engaged in voluntary settlement discussions has no bearing on the trial date and case deadlines previously set by the Court. This remains the case even upon the Parties learning that there may be less potential recovery as they originally thought. Second, although the Parties agree that they would "benefit" from more time to conduct discovery, "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

ORDER DENYING CONTINUANCE - 2

1    In sum, there are inadequate grounds articulated that might justify the continuance of the
2  trial date and remaining case deadlines. The Court therefore DENIES the Motion. <u>See</u> Fed. R.
3  Civ. P. 16(b)(4). The Court's denial is without prejudice to a renewed motion that addresses the
4  Court's concerns and sets forth good cause for any requested deadline extensions.

6    The clerk is ordered to provide copies of this order to all counsel.
7    Dated January 22, 2025.

                                              Marsha J. Pechman
                                              United States Senior District Judge