1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

MATTHEW BOLSHIN, D.P.M. and
IRINA  KHMELNIK,

                        Plaintiffs,

        v.

ELATE MOVING NETWORK LLC,

                        Defendant.

CASE NO. 2:24-cv-00363-MJP

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO
COMPEL

16

17

**INTRODUCTION**

18

19

20

21

22

23

24

This matter comes before the Court on Plaintiffs Matthew Bolshin and Irina Khmelnik's

Motion to Compel Responses to Plaintiffs' Second Set of Interrogatories and Requests for

Production. (Dkt. No. 20.) Having reviewed the Motion, the reply (Dkt. No. 23), the sur-reply

(Dkt. No. 24), Defendant Elate Moving Network LLC's response (Dkt. No. 25), the second sur-

reply (Dkt. No. 26), and all other supporting materials, the Court GRANTS the Motion.

1

**BACKGROUND**

2        On Wednesday, December 11, 2024, Plaintiffs served Defendant's counsel with the

3    Second Set of Interrogatories and Requests for Production (the "Discovery Requests").

4    (Declaration of Ian Ducey (Dkt. No. 20-1) Ex. A at 20.) Defendant failed to respond to the

5    requests by Friday, January 10, 2025, the deadline set by Federal Rules of Civil Procedure 34.

6    When informed of the outstanding discovery, Defendant assured Plaintiffs that the responses

7    would be produced. (Ducey Decl. ¶¶ 7–9.) They were not.

8        On January 15, 2025, Plaintiffs filed the instant motion to compel Defendant's responses

9    and reserved the right to seek their fees associated with bringing the motion. (Mot. at 2, 5.)

10   Defendant did not file a response. Plaintiffs then filed a reply brief on February 5, 2025, which

11   "reassert[ed] their request" for fees and costs associated with the bringing the motion. (Dkt. No.

12   23 at 2.)

13       On February 5, 2025, the Parties appeared before the Court for a telephonic motion

14   hearing regarding the rescheduling of certain depositions in this case. (Dkt. No. 22.) During that

15   hearing, Defendant's counsel represented to Plaintiffs and the Court that they would produce the

16   outstanding discovery responses by Friday, February 7, 2025. They did not.

17       A week later, on February 12, 2025, Plaintiffs filed a sur-reply informing the Court that

18   Defendant had still not produced the promised discovery. (Dkt. No. 24.) The sur-reply included a

19   renewed request to seek attorney's fees and costs, and additionally asked for the Court to

20   sanction Defendant for "[t]heir continued recalcitrance and inability to meet [discovery]

21   deadlines." (Id. at 2–3.)

22       That same day, Defendant produced its discovery responses and filed a response brief.

23   (See Resp. at 2) Defendant claimed that because the responses had been provided, the motion

24

1    was moot. (Id.) Further, Defendant stated that "Plaintiffs did not request sanctions or fees in their

2    original Motion to Compel," noting that "[o]therwise, Defendant would have promptly

3    responded." (Id.)

4    **ANALYSIS**

5    **A.  Motion to Compel Responses**

6         The Court finds that Defendant failed to provide timely discovery responses to the

7    Discovery Requests. "The party to whom the request is directed must respond in writing within

8    30 days after being served. . ." Fed. R. Civ. P. 34(b)(2)(A). The Discovery Requests were served

9    on Wednesday, December 11, 2024, which required Defendant's response by Friday, January 10,

10   2025. Defendant eventually provided responses on Wednesday, February 12, 2025, nearly a

11   month after the deadline. Moreover, Defendant had represented to Plaintiffs and the Court that

12   the responses would be provided by Friday, February 7, 2025. In light of Defendant's failure to

13   comply with the Federal Rules along with misrepresentations made to the Court, the Court

14   GRANTS Plaintiffs' motion.

15        However, the Court notes that part of the relief sought by Plaintiffs—an order compelling

16   Defendant to respond to the Discovery Requests—is no longer at issue. Although late, Defendant

17   has indeed produced those responses. There is nothing left to compel; therefore, Defendant has

18   complied with this section of the Order.

19   **B.  Fees**

20        Plaintiffs argue that they should be granted leave to file a motion for their attorney's fees

21   and costs related to bringing the motion. The Court agrees.

22   > If the motion [to compel] is granted—or if the disclosure or requested discovery is
     > provided after the motion was filed—the court must, after giving an opportunity
23   > to be heard, require the party or deponent whose conduct necessitated the motion,

24

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL - 3

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the Court "must not order this payment" when "the opposing party's nondisclosure . . . was substantially justified" or when "other circumstances make an award of expenses unjust." Id. at (ii)–(iii).

The Court finds that Defendant's conduct with regards to discovery justifies Plaintiffs' recovery of their expenses and attorney's fees associated with bringing their motion. The record shows that Defendant refused to participate in the discovery process, and only produced documents only after the motion was filed and had ripened. Defendant provides no substantial justification as to why they refused to respond to the requests on January 10, 2025, as per the deadline set under Rule 34. Therefore, the Court GRANTS Plaintiffs' Motion as it relates to attorney's fees and costs associated with the discovery dispute. Plaintiffs have ten (10) days of entry of this Order to submit a declaration and supporting records sufficient to show counsel's hourly rates, the hours reasonably expended, and the costs incurred as related to the motion. Upon providing this material, Defendant shall have seven (7) days to respond and provide any objections.

**C. Supplementation**

In their second sur-reply, Plaintiffs allege that Defendant's discovery responses were deficient "across the board," and seek to reconfigure their original motion to compel production into a motion seeking supplementary responses. (Dkt. No. 26.) The Court interprets this request as a new motion to compel, and finds it not properly presented to the Court. Specifically, Plaintiffs have not met and conferred with Defendant regarding the alleged deficiencies present in the discovery responses, as required by the local rules. See Local Civil Rule 37(a)(1) ("Any motion for an order compelling disclosure or discovery must include a certification, in the

1  motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted

2  to confer with the person or party failing to make disclosure or discovery in an effort to resolve

3  the dispute without court action.") (emphasis added). However, as discussed above, the Court

4  recognizes that Plaintiffs were unable to bring a separate motion due to the case schedule

5  deadline and Defendant's failure to timely comply with its discovery obligations.

6       Therefore, the Parties are ORDERED to meet and confer regarding Defendant's

7  discovery responses and objections to the Discovery Requests and whether supplementation is

8  needed. Should the Parties agree to resolve the issue without involving the Court, they must file a

9  joint status report of no more than 1,200 words updating the Court as to the agreed-upon

10 outcome of the dispute. Any such joint status report is due within 7 days of this Order. Should

11 the Parties find themselves at an impasse regarding the need for supplementation, then no joint

12 status report will be due. Instead, the Parties must file a Local Civil Rule 37(a)(2) joint

13 submission regarding the dispute within 7 days of this Order. Further fees may be awarded

14 depending on the outcome of the LCR 37(a)(2) joint submission.

### CONCLUSION

16      Plaintiffs' motion is GRANTED. While Defendant has already produced the discovery

17 responses at issue, the Court GRANTS Plaintiffs' request for fees. Plaintiffs shall file their fee

18 petition within 10 days of this Order, after which Defendant shall have 7 days to respond and

19 provide objections.

20      The Parties are further ORDERED to meet and confer regarding whether the discovery

21 responses require supplementation and shall file either a joint status report or a LCR 37(a)(2)

22 joint submission within 7 days of this Order as detailed above.

23

24

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL - 5

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated March 17, 2025.

3

4                                          Marsha J. Pechman
                                           United States Senior District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL - 6