THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BOLSHIN, D.P.M. and IRINA KHMELNIK, a married couple<br><br>        Plaintiffs,<br><br>  v.<br><br>ELATE MOVING NETWORK LLC,<br><br>        Defendant. | Case No.: 2:24-cv-00363-MJP<br><br>**BOLSHIN'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>[Fed. R. Civ. P. 54(d)]<br><br>NOTE ON MOTION CALENDAR: April 17, 2025 |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiffs, Matthew Bolshin and Irina Khmelnik, (collectively, Bolshin) pursuant to Fed. R. Civ. P. 54(d) and the Court's March 17, 2025, Order Granting in Part Plaintiffs' Motion to Compel, move for an Award of Attorneys' Fees and Costs in favor of Bolshin and against Defendant Elate Moving Network LLC.[1]

---

[1] Dkt. #37

MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
[PAGE 1 of 6]
2:24-cv-00363-MJP

**Possinger Law Group**
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background:

On January 15, 2025, Bolshin filed a Motion to Compel Defendant's Responses, in which Bolshin reserved the right to seek their fees associated with bringing that Motion.[2]

In an Order dated March 17, 2025, the Court granted Bolshin' Motion to Compel, stating that "in light of Defendant's failure to comply with the Federal Rules along with misrepresentation made to the Court, The Court GRANTS Plaintiffs' motion."[3]

The Court further ruled that Bolshin is entitled to attorneys' fees and costs associated with the discovery dispute, finding that "Defendant's conduct with regards to discovery justifies Plaintiffs' recovery of their expenses and attorney's fees associated with bringing their motion. The Record shows that Defendant refused to participate in the discovery process, and only produced documents only after the motion was filed and had ripened."[4]

This Motion sets out Bolshin's request for those fees.

### B. Bolshin' Attorneys' Fees and Costs

Bolshin moved to Compel because Elate refused to participate in the discovery process. Bolshin had tried to resolve this issue without the Court's intervention, however Elate routinely missed deadlines to answer discovery, which required Bolshin's Counsel to prompt them to produce documents. Even with the Court's involvement, Elate ignored the self-imposed deadline to produce the discovery responses, culminating in Elate's counsel representing to the Court on the February 5, 2025, telephonic hearing that Elate would produce outstanding discovery responses by February 7, 2025, but it did not. Elate's inaction required Bolshin to incur more attorneys' fees and costs in filing a Sur-Reply to their Motion to Compel, notifying the Court that Elate had missed

---

[2] Dkt. #20.
[3] Dkt. #37 at P.3.
[4] Dkt. #37 at P.4.

MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
[PAGE 2 of 6]
2:24-cv-00363-MJP

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

another deadline produced the discovery responses.[5] That Sur-Reply re-iterated Bolshin's request for an award of attorneys' fees and costs. Elate responded to the original motion on February 13, 2025 only after Bolshin Sur-Replied.[6] Bolshin filed a second Sur-Reply, responding to Elate's late response.[7]

The Court's Order Granting in Part Plaintiffs' Motion to Compel recognized Elate's had violated the discovery rules and its pattern of misrepresentation towards both Bolshin and the Court.[8]

The attorney fees and costs incurred with respect to these proceedings as of the date of this motion amount to $4,703.5 work performed between January 10, 2025, until the day of this Motion.[9]

### III.    ARGUMENT

**A. The Court's March 17, 2025, Order Granting in Part Plaintiffs' Motion to Compel Entitles Bolshin to an Award of Reasonable Attorney Fees and Costs.**

The Court invited Bolshin to file this Motion when it granted, in part, Bolshin' Motion to Compel Discovery. The Court should grant this Motion.[10]

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…[11]

---

[5] Dkt. #24.
[6] Dkt. #25.
[7] Dkt. #26.
[8] Dkt. #37.
[9] See Declaration of Jeffrey Possinger in support of this Motion.
[10] Dkt. # 37; Fed. R. Civ. P. 37 (a)(5)(A).
[11] Fed. R. Civ. P.37(a)(5)(A).

MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
[PAGE 3 of 6]
2:24-cv-00363-MJP

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

The Supreme Court recognized that attorneys' fees by statute is an exception to the "`American Rule'" that each litigant "bear [their] own attorney's fees.[12]

Bolshin' Motion was granted by the Court, due to Elate's failure to comply with the Federal Rules along with its misrepresentation. Therefore, Attorney's fees and costs are appropriate.[13]

### B. Calculating Reasonable Attorney's Fees.

Once the court has determined that a party's conduct justifies a monetary award pursuant to Rule 37, the court will determine whether the movant's proffered expenses and attorney's fees are reasonable.[14] Reasonable attorney's fees are based on the "Lodestar" calculation.[15] The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."[16] In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount."[17] A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community.[18]

Next, the Court evaluates the *Kerr* factors to decide whether and how to adjust the Lodestar calculation.[19] The *Kerr* factors include among others: the time and labor required, the novelty and complexity of the issues, the skill requisite to perform the legal service properly, and the results obtained.[20]

---

[12] *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (citing *Key Tronic Corp. v. United States,* 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994)).
[13] Fed. R. Civ. P.37(a)(5)(A).
[14] *See* Fed. R. Civ. P. 37(a)(5)(A).
[15] *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000).
[16] *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
[17] *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).
[18] *Webb v. Ada County,* 285 F.3d 829, 840 (9th Cir. 2002) (quoting *Chalmers v. City of L.A.,* 796 F.2d 1205, 1210-11 (9th Cir. 1986).
[19] *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1976).
[20] See *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.9 (9th Cir. 1996).

MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND COSTS
[PAGE 4 of 6]
2:24-cv-00363-MJP

Possinger Law Group
A Professional Limited Liability Company

20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

The district court, however, need not discuss all twelve factors. "It is sufficient if the record shows that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the fee award."[21]

Bolshin' counsel's declarations lay out detailed explanations of the work performed, and time expended. That time reflects Bolshin' litigation of their Motion to Compel Discovery.

Attorneys Jeffrey Possinger and Ian Ducey and their staff spent 21.7 hours preparing and litigating the Motion to Compel Discovery.

As set out above, Elate's inaction and misrepresentations required Bolshin' counsel to spend considerable time and incur considerable expenses.

The hours spent on this case are true and correct as the time entries counsel made contemporaneously with the work provided.

Moreover, Bolshin' counsel's hourly rates are reasonable based on the skill level required by the litigation, the attorney's reputation, the results obtained and the undesirability of the case.

For these reasons, the Court should award a total of $4,703.50 in attorneys' fees and costs.

Findings of Fact and Conclusions of Law must support entering an Attorney's Fees and Costs award.[22] Bolshin' counsel provided proposed Findings of Fact and Conclusions of Law with this Motion for Attorney's Fees and Costs. Bolshin support their proposed findings with substantial evidence, including the case record and relevant legal authority. As Bolshin' counsel's declarations make clear, the number of hours spent litigating the Motion to Compel Discovery are reasonable.

Although Fed. R. Civ. P.37(a)(5)(A) requires the award of attorney's fees and costs, the Court has discretion over the amount awarded.[23] The Court of Appeals will not overturn a Trial Court's decision absent an abuse of discretion.[24]

---

[21] *Rivera v. City of Riverside*, 679 F.2d 795, 796-97 (9th Cir. 1982), (quoting *Kessler v. Associates Financial Services Co*., 639 F.2d 498, 500 n.1 (9th Cir. 1981)) (internal quotations omitted).
[22] Fed. R. Civ. P.54(d)(2)(C).
[23] *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014).
[24] *Vizcaino v. Microsoft Corp*., 290 F.3d 1043 (9th Cir. 2002).

MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
[PAGE 5 of 6]
2:24-cv-00363-MJP

Possinger Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030

### IV. CONCLUSION AND PROPOSED ORDER

For the reasons set out above, Bolshin asks that the Court enter Findings of Fact and Conclusion of Law, awarding Bolshin their Attorney Fees and Costs.

A Proposed Findings of Fact and Conclusion of Law granting the relief requested accompanies this motion.

Dated this 26th day of March 2025.

I certify that this memorandum contains 1321 words, in compliance with the Local Civil Rules.

**POSSINGER LAW GROUP, PLLC**

*/s/ Jeffrey Possinger*
Jeffrey Possinger, WSBA 30854
Ian Ducey, WSBA 59976
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
(t) 206-512-8030
(f) 206-569-4792
(e) Jeffrey.possinger@possingerlaw.com
(e) Ian.ducey@possingerlaw.com

MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
[PAGE 6 of 6]
2:24-cv-00363-MJP

**Possinger** Law Group
A Professional Limited Liability Company
20250 144th Avenue NE, Suite 205
Woodinville, Washington 98072
206-512-8030