UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BOLSHIN and IRINA KHMELNIK,<br><br>Plaintiffs,<br><br>v.<br><br>ELATE MOVING NETWORK LLC,<br><br>Defendant. | CASE NO. 2:24-cv-00363-MJP<br><br>ORDER ON ATTORNEYS' FEES |

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees. (Dkt. No. 42). Having reviewed the Motion, Defendant's Response (Dkt. No. 49), the Reply (Dkt. No. 51) and all other relevant material, the Court GRANTS the Motion.

**BACKGROUND**

This case arises out of the damage and loss of Plaintiffs' goods, which they had contracted with Defendant to deliver from Vancouver, Canada, to California. (See generally Compl. (Dkt. No. 1).) Pursuant to the discovery process, Plaintiffs Matthew Bolshin and Irina Khmelnik served their Second Set of Interrogatories and Requests for Production on Defendant

1  Elate Moving Network LLC. (Order Granting In Part Plaintiffs' Motion to Compel (Dkt. No. 37)
2  at 2.) Following this, Plaintiffs brought a motion to compel certain discovery responses from
3  Defendant, which the Court granted in part and denied in part. (Dkt. No. 37.) In its Order, the
4  Court noted that Plaintiffs could move for attorneys' fees following the entry of the Order.  (Id.
5  at 5.)

## ANALYSIS

To set the fee award, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)); see Ewing v. Glogowski, 198 Wn. App. 515, 521 (2017) (accord under Washington law). Under federal law, the Court determines the hourly rate by considering the "evidence produced by the parties, including fee rates of other attorneys in similar practices, awards in comparable cases, counsel's experience and reputation level, and the market rates, as well as two additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005).

In deciding the number of hours "reasonably expended," the Court considers whether the time spent on the matter was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The requesting attorney "must provide reasonable documentation of the work performed" to enable this determination. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983); Hensley, 461 U.S. at 433 (accord). "This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.)." Bowers, 100 Wn.2d at 597. "Illegible, abbreviated time records, submitted in a

form not reasonably capable of evaluation, do not satisfy the burden of submitting detailed time records justifying the hours claimed." Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993) (citation and quotation omitted).

A.  **Hourly Rates**

Plaintiffs ask for the approval of an hourly rate of between $425 and $525 an hour for attorney Jeffrey Possinger, between $230 and $275 an hour for attorney Ian Ducey, $185 an hour for senior paralegal David Selka, and between $145 and $165 an hour for paralegal Jody Riegler. (Declaration of Jeffrey Possinger (Dkt. No. 17) Ex. A.) Possinger has over 24 years of legal experience, while Ducey has over 2 years of legal experience. (Id. ¶¶ 4, 6.) Selka has over 15 years of legal experience and Riegler has 9 years of legal experience. (Id. ¶ 8.) Defendant does not dispute the hourly rates, and the Court finds these hourly rates appropriately reflect the skill of counsel and the quality of work performed.

B.  **Hours Expended**

The Court next assesses the reasonable number of hours spent litigating this matter. Possinger provided an attachment to his declaration that provides a breakdown of the time spent on the motion to compel, including the hours spent by each attorney and paralegal, the work performed during those respective times and the billing rate. (Possinger Decl., Ex. A.) Possinger asserts that between the two attorneys, 11.5 hours were spent on the dispute and fee petition, and that between the two paralegals, 12.7 hours were spent on the dispute and fee petition. (Id.) The Court finds the number of hours expended reasonable.

Defendant asks the Court to reduce the amount awarded claiming that the time and fees related to (1) the initial motion to compel, (2) Plaintiff's sur-reply, and (3) the instant fee petition were either excessive or unnecessary. (Response (Dkt. No. 49) at 3–4.) The Court disagrees. The

time spent on drafting the motion to compel, 3.9 hours of attorney time and 2.0 hours of paralegal time, is reasonable for a motion to compel. Similarly, the Court finds that Plaintiffs's sur-reply was necessitated by Defendant's failure to provide the discovery it had promised both Plaintiff and the Court would be provided by a date certain, but failed to do so. (Order at 3.) Finally, the time expended in seeking approval of an award of attorneys' fees is compensable. See Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986) (considering § 1988 claims); Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir. 1999). The Court finds no basis to reduce the time entries Defendants believe were excessive or unnecessary.

Defendant also asks the Court to reduce the amount awarded based on the work billed by paralegals. Specifically, Defendants take issue with two hours of time billed by a paralegal which Defendant claim are impermissible block billing. (Response at 3–4.) Block billing can be problematic when it makes it difficult to discern whether the amount of time spent on discrete activities was reasonable or not. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007); Bowers, 100 Wn.2d at 597. The time entry identified by Defendants is not subject to a reduction. The entry shows that the paralegals were performing different, but related tasks where the total amount of time expended on the block-billed work was reasonable. Further segregation of the time entries was unnecessary for the Court to assess the reasonableness of the time expended. The Court rejects the request to trim back time that was block billed. Similarly, the unwilling to reduce attorneys' fees related to updating Plaintiffs on the status of their motion.

## CONCLUSION

Based on the records provided by counsel, Plaintiffs have demonstrated that the lodestar calculation in this case reflects a reasonable and appropriate award of attorneys' fees. The Court

1   therefore GRANTS the Motion and awards $4,703.50 to Plaintiffs as attorneys' fees. Defendant

2   must pay these fees within thirty (30) days of this Order.

3         The clerk is ordered to provide copies of this order to all counsel.

4         Dated May 12, 2025.

                                                Marsha J. Pechman
                                                United States Senior District Judge