UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BOLSHIN and IRINA KHMELNIK,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ELATE MOVING NETWORK LLC,<br><br>                    Defendant. | CASE NO. 2:24-cv-00363-MJP<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 59), and Defendant's Motion for Reconsideration (Dkt. No. 64), both of which seek reconsideration of the Court's Order on the Parties' Cross Motions for Summary Judgment (the "Order") (Dkt. No. 57). For the reasons stated below, the Court DENIES both Motions.

**A.    Legal Standard**

"Motions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009) (finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or when there is an intervening change in the controlling law) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

**B.     No Error as to Liability**

Defendant's Motion assigns two errors to the Court's findings that Defendant failed to give Plaintiffs a reasonable opportunity to select between two or more levels of liability. (Dkt. No. 64.) The Court disagrees with both arguments.

Defendant first argues that the Court erred in finding as a matter of law that "Defendant failed to provide Plaintiffs with regulatory-mandated literature" regarding their shipment and liability. (Dkt. No. 64 at 2 (quoting Order).) Specifically, Defendant points to discovery responses and deposition transcripts to show that Plaintiffs may have been given paper copies of the required documents on February 3, 2023. (Id. at 2–4.) While the Court acknowledges that there is a factual question as to whether or not the required documents were provided to Plaintiffs within the time period required by the regulations, it does not change the Court's analysis. The Order specifically incorporates Defendant's failure to adhere to various regulations—including 49 C.F.R. § 375.213(a)—as support for the Court's independent determination that Defendant did not provide Plaintiffs with a "reasonable opportunity to choose among different levels of coverage." (Order at 8–9.) The Court's findings as to Defendant's failure to satisfy the factors set forth in Hughes Aircraft Co. v. N. Am. Van Lines, Inc., 970 F.2d 609, 611–12 (9th Cir. 1992), did not rest on the regulatory analysis for which Defendant now seeks reconsideration. And

notably, Defendant does not assign error to the Court's determination that it had violated other regulatory requirements. (See Order at 9 (noting Defendant's failure to comply with 49 C.F.R. § 375.505(h) by providing the "bill of lading" on the day of the move rather than three days prior as required by regulation)). The Court does not find there to be manifest error here.

Defendant next argues that the Court ignored testimony from Khmelnik that she and her husband "intended to purchase insurance," from which the "only logical inference to draw is that both [Plaintiffs] were on notice well before moving day" that Defendant's liability may be limited by selecting the .60 cent per pound option. (Dkt. No. 64 at 5.) But Defendant's argument conflates notice regarding insurance with notice regarding liability, which the Court previously addressed and rejected. (See Order at 6–7 ("The Court finds that Plaintiffs could not make an absolute, deliberate and well-informed choice regarding liability when only presented information regarding insurance") (citation omitted).) Defendant's second bite at the apple does not show manifest error in the Court's previous determination regarding liability, and therefore the Court DENIES Defendant's motion.

**C.    No Error as to Attorneys' Fees**

Plaintiffs' Motion assigns error to the Court's determination that the shipment was not a collect on delivery ("COD") shipment, and therefore Plaintiffs could not recover attorneys' fees under 49 U.S.C. 14708(f). (Dkt. No. 59.) Specifically, Plaintiffs claim that documents show that the shipment was COD because, although they had already paid Defendant $6,500.00 for the move, they still owed $6,000.00 "before [Defendant] would release their goods back to them" at the intended destination. (Id. at 3–4.) The Court declines to reconsider this determination for two reasons. First, Plaintiffs sought judgment as a matter of law on the issue of attorneys' fees under § 14708(d) yet failed entirely to address the statutory limitation on those fees under § 14708(f).

The Carmack Amendment's limitation on fees for non-COD shipments is apparent on the face of the statute and Plaintiffs, as the moving party, should have brought this COD argument to the Court's attention at the time of the motion. Second, Plaintiffs' argument that the shipment was COD fails as a matter of law. "[T]o recover attorney's fees under 49 U.S.C. § 14708, Plaintiffs must have paid [Defendant] at the time of delivery—<u>not before or after delivery</u>." <u>Arnold v. Allied Van Lines, Inc.</u>, 737 F. Supp. 3d 467, 472 (W.D. Tex. 2024) (emphasis added). Here, Plaintiffs admit that they had already paid Defendant $6,500.00 for the shipment before the goods were delivered. (Dkt. No. 59 at 4.) Accordingly, the Court finds there to be no error in its determination that this was not a COD transaction and DENIES Plaintiffs' motion.

## CONCLUSION

Neither Defendant nor Plaintiffs have shown adequate grounds for the Court's reconsideration of its Order on the Parties' Cross Motions for Summary Judgment. Defendant fails to show that the Court erred in its determination that Plaintiffs were not given a reasonable opportunity to select between two or more levels of liability. And Plaintiffs fail to show that the Court erred in its determination that statutory attorneys' fees were precluded by 49 U.S.C. 14708(f) because, as they had already paid Defendant before the time of delivery, the transaction was not COD. Accordingly, both Motions are DENIED.

Dated June 26, 2025.

Marsha J. Pechman
United States Senior District Judge